SADIE F. DAILEY, *Ex'x vs.* CHARLES M. CONNERY, *Adm'r.*

APRIL 25, 1949.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J: This is an appeal from a decree of the probate court of the town of Bristol to the superior court where the appellant Sadie F. Dailey, executrix under the will of Annie Gravelle, moved that William H. Angevine, treasurer of the town of Bristol, be dismissed as a party to the appeal. The motion was duly argued before a justice of the superior court who granted it on the ground that the presence of the town treasurer in the case at that time was premature. The town treasurer excepted to such ruling and has prosecuted his exception to this court.

A narrow question is involved here: Whether the treasurer, representing the town of Bristol, has the right to be treated as a party in an appeal which he did not take from a probate decree which he does not seek on appeal to support. However, in order to discuss adequately and intelligibly the factual background of that question it will be necessary to refer to certain statutory provisions on which the appellant and the treasurer respectively base their rights in and to the property of the intestate which is the

subject matter of the appeal. While of necessity we must refer to such alleged rights it is to be understood that throughout what follows we are in no sense, directly or indirectly, passing upon the validity of the respective claims of the appellant or the town treasurer under such statutory provisions. The town treasurer's asserted right to be a party to this appeal is the sole question which we shall decide.

The subject matter of this litigation is the estate of Lawrence Fitzgerald, late of Bristol, who deceased intestate on November 19, 1940. Letters of administration on his estate were issued by the probate court of that town to Charles M. Connery, who qualified and acted thereunder until March 22, 1948 when he filed his final account, showing a balance of $6397.93, together with a petition requesting permission to pay said balance into the registry of the court for the reason that after due and diligent search he had been unable to ascertain and locate any heir or next of kin of the deceased. However, when he filed the petition he gave notice thereof to the town treasurer and also to the appellant as the executrix under the will of Annie Gravelle.

Pursuant to such notice appellant appeared in the probate court and claimed that Annie Gravelle was the heir of Lawrence Fitzgerald and entitled to the proceeds of his estate by virtue of the provisions of general laws 1938, chapter 567, §4. She therefore objected to payment of the proceeds of the estate into the registry of the court. The town treasurer also appeared in accordance with a resolution of the town council of Bristol authorizing him to take possession of the real and personal estate of Lawrence Fitzgerald situate in said town. Such resolution was passed pursuant to the provisions of G. L. 1938, chap. 582, §1. The town treasurer also objected to the payment of the proceeds into the registry of the court, claiming that under said chapter and section of the general laws the town of Bristol was entitled thereto. Aside from advancing such contention at the hearing on the administrator's petition,

the town treasurer took no formal action by filing a petition or written claim in the probate court asserting the right of the town to immediate possession of the estate.

The probate court rejected the contentions of the town treasurer and the appellant and entered its decree approving the final account of the administrator and directing him to pay the proceeds into the registry of the court. From that decree appellant claimed an appeal and duly filed her reasons of appeal in the superior court substantially on the ground that the probate court erred in not finding that Annie Gravelle as the surviving sister of the wife of Lawrence Fitzgerald was, in the absence of heirs of his blood, his sole heir by force of the provisions of chap. 567, §4, *supra.*

The town treasurer did not claim an appeal although the decree was adverse to his contention that the town was entitled to immediate possession of the proceeds of the estate. However, appellant in her reasons of appeal stated that the town treasurer was an adverse party, and the clerk of the superior court accordingly, on May 28, 1948, issued a citation to him to appear, if he saw fit, and make answer to the reasons of appeal. Pursuant to that citation he entered his appearance and thereupon, on September 27, 1948, appellant filed the motion now under review to dismiss him as an appellee on the grounds that he has no interest in the estate, that his assertion of the rights of the town under the statute is premature, and that he did not take an appeal. The appellant contended that the estate was not unclaimed within the meaning of chap. 582, §1, as she was claiming that her testatrix was the lawful heir of the intestate by virtue of chap. 567, §4, and that until that question was determined by the superior court on her appeal the town treasurer, as the representative of the town, had no interest in the appeal. The trial justice in effect agreed with that contention when he held that the presence of the town treasurer at that time was premature.

The treasurer contends that such ruling is erroneous be-

cause under chap. 582, §1, the town has an interest in this estate which it has a right to defend on this appeal, and that unless he is allowed to appear and argue such contention it will not be presented. He further argues that if the appellant is successful in her appeal before the superior court the administrator is not likely to bring the case to this court for final review, and the result in such circumstances would be prejudicial to the rights of the town as there would then be no way in which he could have the town's title to the estate, under the statute, determined by this court. He also urges that the town has an immediate right to possession of the estate and relies upon *Clarke* v. *Town of East Providence*, 44 R. I. 142.

We are of the opinion that chap. 582, §1, does not apply in the circumstances of the case at bar, which differ radically from those in the *Clarke* case. There the probate court had approved the administrator's final account and directed the balance of the estate to be turned over to the town. Almost a year later claimants to the estate filed their petition in the probate court asking that the balance be paid to them. The petition was denied for lack of jurisdiction and that action was affirmed on appeal. The estate in question here has not been surrendered by the probate court. It is still in the possession of the legal representative of the deceased by virtue of a decree of the probate court to which no objection has ever been made. Appellant's claim to the estate as the legal representative of an alleged heir has been made to the probate court and is still pending. That claim by reason of the appeal which the appellant is duly prosecuting has not yet been finally determined. Until it has been so determined adversely to such appellant the jurisdiction of the probate court continues, and during that time this estate cannot be considered as unclaimed and without someone presently in lawful possession thereof. Only in such a case does chap. 582, §1, provide that the town council may take possession of the real and personal estate for the use of the town.

Merely because the administrator has represented to the probate court that there is no known heir of the intestate and the probate court has so decreed does not establish that the estate is unclaimed under the statute, unless and until that decree has been affirmed and becomes final. Whether such decree in that respect should be affirmed or reversed is substantially the issue raised by the appeal which is pending in the superior court.

The administrator's duty on such appeal is to support the probate court's decree. We must assume, in the absence of anything to show the contrary, that he will faithfully perform that obligation. Therefore, in our opinion, he is the only necessary and proper adverse party to such appeal. The fact that the town treasurer in response to the notice of the administrator appeared in the probate court and was permitted to advance the claim of the town does not necessarily make him a proper appellee, and certainly, not having taken an appeal, he is not an appellant. Indeed, if he were permitted to participate in this appeal his position would be an anomalous one. He would oppose the decree in so far as it ordered the administrator to pay the proceeds of the estate into the registry of the probate court instead of paying it to him as the duly authorized representative of the town, and he would support it to the extent that it rejected the claim of the appellant that her testatrix was a lawful heir of the intestate. Such an amorphous adversary with one foot in the camp of the appellant and one in the camp of the appellee would be a wholly undesirable party. His presence would not tend to promote an orderly prosecution of the appeal and would inject into the appellate proceedings an issue which is not raised by any reason of appeal, namely, the right of the town to the possession of the estate.

Whether or not Annie Gravelle, as the sister of Lawrence Fitzgerald's wife, qualifies as his lawful heir by virtue of chap. 567, §4, is not for us to determine here. But the fact that her executrix claims that she stood in that relation to

Fitzgerald at his decease and is lawfully prosecuting such claim within the probate jurisdiction of the courts of this state is sufficient for us to say that the intestate's estate is not an unclaimed estate within the meaning of chap. 582, §1. Furthermore, the jurisdiction of the probate court of the town of Bristol having attached by reason of the appointment and qualification of the administrator, the town could not thereafter lawfully take possession of the estate until such administrator had settled his accounts with the probate court and the unclaimed balance of the estate, if any, had been deposited in the registry of that court. When that was done the town could then assert its rights under chap. 582, §1, and have them adjudicated. In the circumstances of the instant case the appellant's appeal has had the effect of postponing the time for the assertion of those rights by the town treasurer because until the probate court's decree is affirmed the intestate's estate is not an unclaimed estate.

We are not concerned here with the treasurer's fear that in the event the appellant's appeal is sustained by the superior court the administrator will not seek a review of such action by this court and the town will thereby be precluded from ever asserting its right to the estate under chap. 582, §1. We ought not to assume that the administrator will neglect to perform the duties incumbent upon him after the appeal has been decided in the superior court. Moreover, we do not understand that a town, merely because of chap. 582, §1, has a right to intervene in a probate proceeding in which the duly appointed and qualified representative of a deceased's estate is opposing one who is asserting that she represents the sole lawful heir of the deceased.

In such a circumstance full faith and confidence should and must be reposed in the administrator, who is not only the legal representative of the intestate charged with the duty of faithfully administering his estate but is also the agent of the probate court whose function it is to protect

estates against spurious claims of persons to participate in the distribution of the proceeds thereof. It seems to us that for those who may have an ultimate interest in an estate the remedy provided by law for the removal of an administrator for unfaithful administration is a sufficient guaranty that the administrator will do his duty in every exigency of his office.

For the reasons we have set forth we are of the opinion that the trial justice did not err in dismissing the town treasurer as a party to the pending appeal at this time.

The exception of the town treasurer is overruled, and the case is remitted to the superior court for further proceedings.

*McKiernan, McElroy & Going, Peter W. McKiernan, John S. McKiernan,* for appellant.

*Ralph M. Greenlaw, Edwin G. Tetlow,* for appellee.

*Lucien Capone, Town Solicitor,* for Town Treasurer.